[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

David King )
_____ )
_____ ) 1:18-cv-08418
Plaintiff(s), ) Judge Charles P. Kocoras
) Magistrate Judge Mary M. Rowland
v. )
Universal Health Services, Hartgrove Behavioral Health System, )
)
John Arbo, Ray Morales, Latasha Davis, Imran Fayyaz, )
Winnie Chiu, & Ulysses McWhorter )
Defendant(s). )

**RECEIVED**
DEC 21 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **David King** of the county of **Cook** in the state of **Illinois**.

3. The defendant is **Universal Health Services, Hartgrove Behavioral Health System, John Arbo, Ray Morales, Latasha Davis, Imran Fayyaz, Winnie Chiu, & Ulysses McWhorter**, whose street address is **5730 Roosevelt Rd.**,

(city) **Chicago** (county) **Cook** (state) **Illinois** (ZIP) **60644**

(Defendant's telephone number) (**773**) – **413-1700**

4. The plaintiff sought employment or was employed by the defendant at (street address) **5730 Roosevelt Rd.** (city) **Chicago** (county) **Cook** (state) **Illinois** (ZIP code) **60644**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) February, (day) 1st, (year) 2018.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about

   (month) July (day) 23rd (year) 2018.

   (ii) ☐ the Illinois Department of Human Rights, on or about

   (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes   ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes   ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) October (day) 1st (year) 2018 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): Denied the Plaintiff meal period under Illinois law, refused to release

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

personnel records pursuant under Personnel Records Review Act (820 ILCS 40/0.01

Eta seq)., withholding the Plaintiff's healthcare rights by refusing to sign off on

Medicare form issued by the Plaintiff's Social Security Administration caseworker.

13. The facts supporting the plaintiff's claim of discrimination are as follows:
The Defendant refused several times to allow the Plaintiff take appropriate meal under Illinois Breaks Laws and retaliated by sending the Plaintiff home early even after Milieu Manager approved for the Plaintiff to take breaks. Retaliating after the Plaintiff refused to do another staff's job and sending the Plaintiff home early. Retaliation by attempting to write the Plaintiff up for not doing false documentation, attempting to write the Plaintiff up for staff duties while the Plaintiff was either on break or handling other work duties. All the just mentioned were retaliation due to the Plaintiff requesting rights and stopping the complaining of receiving those rights. Retaliation and discrimination by attempting to force the Plaintiff to continue to work in hostile environment even after the Plaintiff stated via face to face, phone, and email that an hostile work environment would affect their disability. Retaliation by termination because the Plaintiff would not work due to his disability and refusing to give the Plaintiff reasonable accommodations by allowing for Family Medical Leave per the Plaintiff's psychiatrist. Retaliating to the Plaintiff's charge with the EEOC by refusing to give the Plaintiff his personnel records even after IL Dept. of Labor became involved and almost smashing the Plaintiff's fingers in door. Finally retaliating to Plaintiff's charge with EEOC and request for administrative hearing with IL Dept. of Labor by refusing to adhere to Social Security Administration request for healthcare information and now currently leaving the Plaintiff without medical healthcare and psychiatric care since July of 2018. Also the Defendant refused to follow through with ARC agreement and the steps associated with it.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ Yes ☒ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a)   ☐ Direct the defendant to hire the plaintiff.

   (b)   ☐ Direct the defendant to re-employ the plaintiff.

   (c)   ☐ Direct the defendant to promote the plaintiff.

   (d)   ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e)   ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f)   ☐ Direct the defendant to (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

_____David King_____
(Plaintiff's name)

_____1508 E. 52nd St. Apt. 2_____
(Plaintiff's street address)

(City)_____Chicago_____(State)_Illinois___(ZIP)_60615_

(Plaintiff's telephone number) (773 ) – _991 - 8694_____

Date: ____12/21/2018_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

## Section 13 of COMPLAINT OF EMPLOYMENT DISCRIMINATION Form

A. Violation of Illinois Department of Labor's policies protecting rights for Illinois Meal Period 29 U.S.C. § 211(b):

   1. Retaliation and harassment from the Defendants that resulted after the Plaintiff requested and complained about not receiving a mandatory break or meal period before his 5th hour of work under the Illinois Department of Labor's law stating.

      a. Illinois Law states that an employee who is to work 7 ½ continuous hours or more shall be provided a meal period of at least 20 minutes. The meal period must be given to an employee no later than 5 hours after beginning work. Illinois has no law regarding breaks. (820 ILCS 140/3).

B. Violation of Illinois Department of Labor's policies protecting rights for Illinois Personnel Records 29 U.S.C. § 211 (a), 29 U.S.C. § 215:

   1. Refusal to give the Plaintiff his personnel records pursuant under Personnel Records Review Act (820 ILCS 40/0.01 et seq.).

      a. Personnel Records Review Act (820 ILCS 40/0.01 et seq.). states, *"Open Records. Every employer shall, upon an employee's request which the employer may require be in writing on a form supplied by the employer, permit the employee to inspect any personnel documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as provided in Section 10. The inspection right encompasses personnel documents in the possession of a person, corporation, partnership, or other association having a contractual agreement with the employer to keep or supply a personnel record. An employee may request all or any part of his or her records, except as provided in Section 10. The employer shall grant at least 2 inspection requests by an employee in a calendar year when requests are made at reasonable intervals, unless otherwise provided in a collective bargaining agreement. The employer shall provide the employee with the inspection opportunity within 7 working days after the employee makes the request or if the employer can reasonably show that such deadline cannot be met, the employer shall have an additional 7 days to comply. The inspection shall take place at a location reasonably near the employee's place of employment and during normal working hours. The employer may allow the*

> *inspection to take place at a time other than working hours or at a place other than where the records are maintained if that time or place would be more convenient for the employee. Nothing in this Act shall be construed as a requirement that an employee be permitted to remove any part of such personnel records or any part of such records from the place on the employer's premises where it is made available for inspection. Each employer shall retain the right to protect his records from loss, damage, or alteration to insure the integrity of the records. If an employee demonstrates that he or she is unable to review his or her personnel record at the employing unit, the employer shall, upon the employee's written request, mail a copy of the requested record to the employee".*

2. Refusing to give the Plaintiff his personal records after Illinois Department of Labor requested for the Defendant to turn the records over.

C. Violation of United States Department of Labor and EEOC's policies protecting rights Pay and Benefit 29 U.S.C. § 2614, 42 U.S.C. § 2000e-5(a):
1. Refusal give the Plaintiff his Family Medical Leave after the Plaintiff requested and the Defendant approved of the Family Medical Leave via phone and just required the Plaintiff to bring back a doctors note upon his return to work.
   a. Final decision to terminate the Plaintiff reasoning being that Defendant says the Plaintiff called off too many days in a row when the Plaintiff was attempting to avoid a hostile work environment and was attempting to use Family Medical Leave as his reasonable accommodation.

D. Violation of United States Department of Labor and EEOC's policies protecting rights Reasonable Accommodation & Disability 42 U.S.C. § 2000e:
1. Refusing to give requested accommodations and retaliating against the Plaintiff by discriminating against his disability.
   a. The Defendant threatened of the Plaintiff's job and eventually the termination of the Plaintiff's position after he requested reasonable accommodation via face to face, phone call, voicemail, and email due to his disability being affected by the constant unbearable hostile work environment due to retaliation and harassment by his supervisors who were not being held accountable for their harassment

towards him for standing up on his rights for his meal period/break pursuant under (820 ILCS 140/3) and complaining to Milieu Manager and Human Resources.)

E. Violation of United States Department of Labor and EEOC's policies protecting rights against Harassment29 U.S.C. § 623(d) (2000)), 29 U.S.C. § 623(f) (2000)), 42 U.S.C. § 2000e-3:
   1. The Defendant sending the Plaintiff home for complaining to Milieu Manager about not receiving meal period/break between 6:45p and 8p which are under pursuant under (820 ILCS 140/3).
      a. Openly replying to the Plaintiff that they Defendant knew and understood what their supervisor the Milieu Manager said but didn't care after the Plaintiff returned from break that was approved by the Defendant's supervisor the Milieu Manager.

   2. Attempting to have the Plaintiff written up for not false documenting another staff's group notes and telling the Plaintiff they would have the supervisor (one of the other Defendants) write the Plaintiff up for refusal in front of patients, guest staff, and other hospital employees.

   3. Attempting to have the Plaintiff written up for doors not being locked and 15 minute safety rounds not being signed while the Plaintiff was doing a body check that the Defendant asked the Plaintiff to do and try to state the Plaintiff was obligated to use the units clock to track and gauge his 15 minute safety rounds, which happened to be fast.

   4. Talking down upon and very disrespectful to the Plaintiff in a very nasty manner to the the point that patients (youth and adult) and other employees would ask the Plaintiff why they were letting the Defendant talk to them like that.

   5. Attempting to have the Plaintiff written up on several different occasions for doors being on unlocked and the hallway unattended after the Plaintiff singed over 15 minute safety rounds or never took ownership of 15 minute safety rounds before taking a break.

   6. Telling the Plaintiff that the Illinois meal period/break laws pursuant under (820 ILCS 140/3). are not true, the Defendant does not have to listen to the Illinois meal period/break laws, and the Defendant give breaks whenever they feel like it, in order to not give the Plaintiff.

    a. The Defendant always taking breaks, leaving the unit, getting food, socializing on other units, and taking several smoke breaks unlike the Plaintiff and other employees.

7. Harassing the Plaintiff about wearing a hoodie while he was making coffee at the beginning of the shift before official shift change and knowing the Plaintiff had on required shirt underneath, but would yet allow two particular staff to wear jeans and hoodies when administration was not there and not harass them.

8. Sending the Plaintiff home for not doing another Defendants job duty.
   a. While sending the Plaintiff home the Defendant talked really bad in front of the other Defendants and other employees while asking the Plaintiff were they going to do the other Defendant's job duties.
   b. When the Plaintiff said no because it would be unfair to make him do the other Defendant's job duties knowing they are lazy and that the Plaintiff did the same job duties plus more earlier shift than the Defendant had to do. The Defendant then said, "Go home! I knew it you're such a complainer, and you're so out of here bro". Also telling the other Defendant they got their back. All this being said in front of the patients and other staff humiliating the Plaintiff.

9. Retaliation and harassment by trying to slam Human Resources door on the Plaintiff when they went to get personnel records after Illinois Department of Labor stated that the Plaintiff's personnel records were ready be picked up.

10. Retaliation by being charged by the Plaintiff with EEOC.

11. Retaliation and harassment by not signing off on Social Security Administration paperwork to verify that the Plaintiff had healthcare with the Defendant so the Plaintiff could continue receiving healthcare through an expedited Medicare process before January 2019 open enrollment, but the Defendant left the Plaintiff without healthcare by refusing to sign Social Security Administration forms because of the EEOC charges and complaints to the Illinois Department of Labor.
    a. Left the Plaintiff unable to check his INR levels in his blood due to being on blood thinner.

      b. Check the toxicity of Lithium in blood.

      c. Both prior points can be serious enough to cause death to the Plaintiff if not monitored by a physician.

F. Violation of United States Department of Labor and EEOC's policies protecting rights Constructive Discharge/Forced To Resign 29 U.S.C. § 218c(a), 42 U.S.C. § 2000e-3:

1. Attempting force the Plaintiff to work in an hostile work environment even after the Plaintiff stated that his disability would be affected and that's why the Plaintiff requested for Family Medical Leave as his reasonable accommodation. Yet the Defendant terminated the Plaintiff saying that he called off too many days in row when he already had requested the Family Medical Leave and let the Defendant know on his day off June 28th, 2018 that he had a doctors appointment that Friday on June 29th, 2018 which previously scheduled. The Defendant granted the Plaintiff ok for Family Medical Leave June 28th, 2018 and was still employed by the Defendant. It wasn't until July 5th, 2018 that the Plaintiff came into Human Resources with a doctors note and the Defendant refused to take the doctors note and stating the other Defendant told him he had been terminated for calling off too many days in a row over the phone with the Plaintiff, which never happened and went on to tell the Plaintiff that they don't except doctor notes. The Plaintiff would needed to get a doctors note before he would be allowed to call off, which is opposite of the Defendants policies that says an employee needs to have a doctors note when an employee is ready to return back to work.

G. Lying to the EEOC in their position in regards to a charge filed by the Plaintiff 18 U.S.C. Section 1001(c)(1):

1. Made false report on the Plaintiff's discharge.
2. Made false report about unlawful and discrimination treatment towards the Plaintiff.
3. Refused to change position even after the Plaintiff asked the Defendant not to lie.

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: David King
19817 Lakewood Ave.
Lynwood, IL 60411

From: Chicago District Office
500 West Madison Street, #2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-06522 | Kimberly M. Engram, Investigator | (312) 869-8035 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

10/1/18
(Date Mailed)

Enclosures(s)

cc: HARTGROVE BEHAVORIAL HEALTH SYSTEMS
c/o Jessica Hill, Employment Counsel
1000 Health Park Drive, #400, BLD. #3
Brentwood, TN 37027

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 440-2018-06522 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Mr. David King
**Home Phone** (Incl. Area Code): (773) 991-8694
**Date of Birth**: 1985

**Street Address**: 19817 Lakewood Ave., Lynwood, IL 60411

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: HARTGROVE BEHAVIOURAL HEALTH HOSPITAL
**No. Employees, Members**: 15 - 100
**Phone No.**: (773) 413-1700

**Street Address**: 5730 W. Roosevelt Road, Chicago, IL 60644

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 
Latest: 07-05-2018
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on or about August 21, 2017. My position was Mental Health Specialist. Respondent is aware of my disability. I was subjected to a hostile work environment, which included, but was not limited to, being denied breaks, sent home for complaining about not receiving a break, being denied medical leave, and issued write-ups that were false.

I believe that I have been discriminated against because of my disability and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC
JUL 23 2018
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Jul 23, 2018
Date — Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)